UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Karmon R. Shaya and Samira
Mansor,

    Plaintiffs,

v.                                      Case No. 10-13878

                                          Honorable Sean F. Cox

Countrywide Home Loans, Inc.,

    Defendants.
_____/

**OPINION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

INTRODUCTION

Plaintiffs Karmon Shaya ("Shaya") and Samira Mansor ("Mansor") (together, "Plaintiffs") brought this action against their mortgage lender, Defendant Countrywide Home Loans, Inc. ("Defendant"), doing business as America's Wholesale Lender.  Currently before the Court is Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6).  The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2).  For the following reasons,  the Court GRANTS Defendant's Motion to Dismiss.

BACKGROUND

The parties do not agree on a number of material facts.  Many of Plaintiffs' facts and allegations appear to be typographical errors caused by Plaintiffs' counsel's failure to modify a form complaint.

I.      Factual Background

On April 12, 2004, Mansor obtained a Mortgage from Defendant in the amount of

1

$310,000 in order to purchase a house in Sterling Heights, Michigan. (Def.'s Mtn., Doc. No. 5 at 6). Plaintiffs' complaint, however, alleges that Plaintiffs purchased the house in 2001 (*Complaint* at 2), despite Plaintiffs' own exhibits which indicate that the house was not built until 2002 (Plf.'s Resp., Doc. No. 9, Ex. 3), and the mortgage not secured until 2004 (Plf's Resp., Ex. 1). Plaintiff Shaya added herself to the title of the house in 2007. Shaya became personally liable for the note as a co-borrower after executing an assumption agreement. (Def.'s Mtn. at 6). Plaintiffs stopped making payments on their loan in 2009. *Id*.

On August 27, 2010, Defendant placed a notice of foreclosure on Plaintiffs' house, indicating that a sheriff's sale was to take place on September 24, 2010. *Id*. Defendants attached an affidavit of notice to their motion. (Def.'s Mtn., Ex. D). Plaintiffs' allege that they never received this notice. (*Complaint* at 2).

II.     Procedural Background

On August 25, 2010, Plaintiffs filed their complaint in Macomb County Circuit Court, alleging seven counts. In many of these counts, Plaintiffs claim violations by parties who are not defendants in this suit. It is clear that these mistakes are typographical errors. On September 29, 2010, Defendant removed the case to this Court based on diversity jurisdiction. (Doc. No. 1).

On October 6, 2010, Defendant filed its motion to dismiss. In their motion, Defendant placed Plaintiffs' counsel on notice of the many material errors in his complaint. After 10 weeks, however, Plaintiffs still had not responded to Defendant's motion. On December 30, 2010, this Court ordered Plaintiffs to show cause why Defendant's motion should not be granted. (Doc. No. 7). Plaintiffs' counsel finally submitted a response on January 7, 2011. (Doc. No. 8). In his response, Plaintiffs' counsel ignores most of his typographical errors in his complaint, and

instead alleges a number of new and additional violations. To date, Plaintiffs' counsel has not moved to file an amended complaint to rectify the material errors in his complaint.

## STANDARD

Defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiffs allege the following seven counts in their complaint: (1) Fraudulent Misrepresentation (Defendant Countrywide), (2) Fraudulent Misrepresentation (Defendant Lehman), (3) Violation of Michigan Mortgage Broker Act, (4) Breach of Contract, (5) Quiet Title, (6) Violation of M.C.L. 600.3204, et seq., and (7) Injunctive Relief.

I.  <u>Plaintiffs' Fraudulent Misrepresentation Claim (Defendant Countrywide).</u>

First, Plaintiffs allege that Defendant knowingly or recklessly made fraudulent misrepresentations to Mansor about the property that she purchased and about the terms of the

mortgage. Specifically, Plaintiffs claim that Defendant made the following representations to Mansor:

> A. The interest rate offered was the best Plaintiff could get for his[sic] mortgage and that a fixed rate of 5.875% was promised, and an adjustable rate of 11% was actually provided.
>
> B. The closing costs offered were the lowest closing costs offered by any mortgage company.
>
> C. The Property was worth a lot more than the amount of the loan that Plaintiff was seeking and her[sic] could always sell the home, pay off the mortgage and have money left over.
>
> D. The appraisal Countrywide was using was a true reflection of the value of the Property.
>
> E. That the insurance rate Countrywide was purchasing for Plaintiff in the escrow agreement had the lowest rate available at the time.

*Complaint* at 3.

Plaintiffs also claim that they relied on Defendant's representations and that Defendant intended for Plaintiffs to rely the representations. *Id.*

Defendant contends that Plaintiffs' fraudulent misrepresentation claim is barred by the statute of limitations. Pursuant to M.C.L. § 600.5813, a claim of fraudulent misrepresentation is subject to Michigan's six-year statute of limitations. *See Boyle v. General Motors Corp.*, 468 Mich. 226, 230, 661 N.W.2d 557 (2003). Although Plaintiffs' counsel states to the contrary, the statute begins to run when the misrepresentation was perpetrated, and not when the Plaintiffs discovered the misrepresentation. *Boyle*, 468 Mich. at 231, 661 N.W.2d at 560. Plaintiffs' counsel offers no authority or case law supporting his assertion that the statute of limitations begins to run when the fraudulent misrepresentations are discovered. (Plf.'s Resp. at 2).

In this case, the loan was originated on April 12, 2004, and Plaintiffs did not file their

claim until August 25, 2010, more than six years after the date Mansor signed the mortgage agreement. Therefore, Plaintiffs' claim for fraudulent misrepresentation is barred by the statute of limitations.

Alternatively, Defendant contends that Plaintiffs have not adequately alleged their claim for fraudulent misrepresentation. (Def.'s Mtn. at 9). Pursuant to Fed. R. Civil. P. 9(b), allegations of fraud must be plead with particularity. FED. R. CIV. P. 9(b). "[G]eneralized and conclusory allegations that defendants' conduct was fraudulent are insufficient" to meet the standards of Fed. R. Civ. P. 9(b). *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 491 (6th Cir. 1990). Moreover, opinions do not give rise to an action for fraud. *See Webb v. First of Michigan Corp*, 195 Mich. App. 470, 474 (1992).

In their complaint, Plaintiffs merely list the allegedly fraudulent statements and make conclusory comments of reliance. Plaintiffs fail to explain who made the statements, the nature of the comments, why they are fraudulent, or how Plaintiffs relied on them. Furthermore, among the alleged misrepresentations quoted above, only statement A identifies a non-opinion-based statement that could possibly satisfy the pleading standard of Fed. R. Civ. P. 9(b). Statement A provides, "The interest rate offered was the best Plaintiff could get for his mortgage and that a fixed rate of 5.875% was promised, and an adjustable rate of 11% was actually provided." *Complaint* at 3. The note indicates, however, that Plaintiffs' interest was fixed at 5.875% for ten years, and then set to adjust on June 1, 2014. (Def.'s Mtn., Ex. A). In fact, Plaintiffs had been paying 5.875% at the time of their default. Therefore, while the second part of statement A is not an opinion, it is also not a false statement. Plaintiffs have not alleged how statement A was a fraudulent misrepresentation.

Thus, in addition to being time-barred, Plaintiffs' fraudulent misrepresentation claim fails because Plaintiffs have not pleaded their claim with particularity.

II.     Plaintiffs' Fraudulent Misrepresentation Claim (Defendant Lehman).

Plaintiffs' second count alleges fraudulent misrepresentation regarding Defendant Lehman.  Lehman is not a party to this case.  Plaintiffs' counsel also fails to allege any factual basis establishing Lehman's identity.  Count II of Plaintiffs' complaint is clearly a typographical error.  Plaintiffs' counsel also failed to address this in his response to Defendant's motion, despite Defendant identifying the mistake in its motion.  Regardless, Plaintiffs' allegations of fraud fail for the same reasons discussed in Part I, above.

III.    Plaintiffs' Consumer Mortgage Protection Act Claim.

   A.  Claims Identified in Plaintiffs' Complaint.

Plaintiffs' Count III is titled, "Violation of Michigan Mortgage Broker Act," but instead alleges violations of the Consumer Mortgage Protection Act (CMPA), and violations of the Federal Real Estate Settlement Procedures Act and/or the Truth in Lending Act ("RESPA" and "TILA", respectively).  *Complaint* at 4-5.

First, Plaintiffs cite M.C.L. § 445.1634, which provides, in part, "A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan... ."   Plaintiffs, however, as stated in Part I, above, have failed to sufficiently allege any false or misleading representations on the part of Defendant.

Even if Plaintiffs had properly alleged facts of false or misleading statements by the Defendant, the CMPA does not provide for a private cause of action.  *See Strickfaden v. Park*

6

*Place Mortgage Corp.*, No. 07-15347, 2008 WL 3540079 (E.D. Mich., 2008)(Edmunds, J.); *Greene v. Benefit Mortgage Corp*., No. 08-12968, 2009 WL 56056 at *4 (E.D. Mich. 2009)(Roberts, J.).  Rather, the CMPA provides for enforcement action by the commissioner (§ 445.1639), attorney general, or county prosecutors (§ 445.1640).

Second, Plaintiffs' claim violations of RESPA and TILA by stating, "o[sic] attempts were made by Defendants to give required notices and disclosures under [RESPA] and/or [TILA].  (*Complaint* at 4).  Plaintiffs do not cite any provisions of RESPA that Defendant has violated.  With regards the TILA, Plaintiffs' cite, 15 U.S.C. § 1601, et seq..  Again, Plaintiffs have failed to allege any facts which would support a violation of any of the provisions of § 1601.  Plaintiffs simply make conclusory statements.  Plaintiffs do not explain which notices or disclosures Defendant failed to provide.  "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).

Additionally, Plaintiffs' TILA claims are barred by a one-year statute of limitations.  Claims for damages under TILA must brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Since this case was filed six years after the mortgage agreement, Plaintiffs' TILA claim is time-barred.  In response to Defendant's assertion that Plaintiffs' TILA claim is barred by the statute of limitations, Plaintiffs state, "The statute of limitations applicable to the instant matter is 12 C.F.R. 108 & 130, which provides that there is no limit on wilful violations of RESPA or TILA intended to mislead consumer."  (Plf.'s Resp. at 5).  Plaintiffs' brief does not provide any case law to support this assertion.  In addition,

7

Plaintiffs' brief does not attach either CFR section and the Court has been unable to locate them by the cites provided or otherwise.[1]

B. <u>Additional Claims Included in Plaintiffs' Response to Defendant's Motion to Dismiss</u>.

Furthermore, in his response to Defendant's motion, Plaintiffs' counsel states, "Plaintiffs erroneously allege violation of the Consumer Mortgage Protection Act (MCL 445.1634). Plaintiffs intended to cite 15 USC 1639(f) and MCL 445.1672 et seq. [Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA")]." (Plf.'s Resp. at 4). Plaintiffs' counsel has not moved to amend his complaint in order to correct his errors and allege the proper statutory violations.

Nonetheless, Plaintiffs' first additional claim, brought under M.C.L. § 445.1672, still fails to state a claim.

M.C.L. § 445.1672 states, in part:

> It is a violation of this act for a licensee or registrant to do any of the following:
>
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
>
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

---

[1] Plaintiffs' counsel, Julian Levant, had a similar case before this Court (*Koczara v. IndyMac Bank*, Case no. 10-14065). Mr. Levant cited these *same* CFRs in *Koczara*. In that case, the Court could not locate the CFRs and requested that Mr. Levant submit *any* authority to support his assertion that there is no statute of limitations applicable to wilful violations. He did not submit the CFRs that he cited in his brief or any case law to support his assertion. Instead, Mr. Levant submitted 133 page Comptroller's Handbook on the Truth in Lending Act, with no citation references.

> (c) Intentionally or due to gross or wanton negligence, repeatedly fail to provide borrowers material disclosures of information as required by law.

M.C.L. § 445.1672. Plaintiffs have failed to allege any facts which would support a violation of any of the provisions of § 445.1672. Furthermore, just like the CMPA, the MBLSLA does not provide for a private right of action. Instead, a person must first file a complaint with the commissioner, who may, in turn, file a complaint through an employee of the financial institutions bureau. M.C.L. § 445.1663.

Plaintiffs' second additional claim alleges that their mortgage loan constitutes a negative amortization loan, in violation of 15 U.S.C. § 1639(f). (Plf.'s Resp. at 4). Plaintiffs do not point to any facts to support this conclusory statement, but they do cite to Exhibit 3 of their Response. Exhibit 3 is titled Plaintiffs' "Uniform Residential Loan Application." This exhibit, however, does not provide any evidence to show that Plaintiffs' loan is a negative amortization loan. In fact, the only pertinent information included on the loan application is the amount of the loan and Plaintiffs' monthly income. Still, Plaintiffs state, "Plaintiff's monthly payments, in total would be less than required to fully amortize the Loan." *Id*. If the Court assumes these statements are true, for the purposes of reviewing a motion to dismiss, they would be sufficient to state a claim upon which relief can be granted. Plaintiffs' council, however, has failed to amend his complaint to include this 15 U.S.C. § 1639(f) claim.

Plaintiffs also claim that Defendant extended credit to Plaintiffs without regard to their ability to repay the debt, in violation of 15 U.S.C. § 1639(h). *Id*. The only fact that Plaintiffs allege in support of their § 1639(h) claim is that Plaintiffs' mortgage payment constituted one-third of Plaintiffs' monthly income. This fact does not establish a basis for a claim under §

1639(h). Again, Plaintiffs have made only conclusory statements, and have failed to allege facts in support of their claims.

IV.     Plaintiffs' Breach of Contract Claim

In Count IV of their complaint, Plaintiffs allege breach contract, claiming that Defendant "failed to disclose material facts," made "false and misleading statements," and "had Plaintiff rely on a grossly inflated appraisal and other misrepresentations." (*Complaint* at 5). In their response, Plaintiffs further state, "Defendant owed a duty not to require Plaintiff to pay more than 1/3 of her net income to pay her debt service, and a duty not to misrepresent the terms of her loan." (Plf.'s Resp. at 5-6).

Defendant contends that Plaintiffs' breach of contract claim is barred by the statute of limitations. (Def.'s Mtn. at 13). Michigan has a six-year statute of limitations for breach of contract claims. *See* M.C.L. § 600.5807(8). Generally, for a breach of contract action, the limitations period begins to run on the date the breach occurs, and not on the date the breach is discovered. *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C. v. Bakshi*, 483 Mich. 345, 771 N.W.2d 411, 417 (2009). Therefore, the alleged breach in this case occurred when Plaintiffs and Defendant entered into the mortgage agreement on April 24, 2004. Plaintiffs did not file this action until August 25, 2010, more than six years after the breach occurred. Therefore, Plaintiffs' breach of contract claim is time-barred.

Nonetheless, even if Plaintiffs' breach of contract claim was not barred by the statute of limitations, it fails because Plaintiffs have again refused to allege facts sufficient to state a claim upon which relief can be granted. Plaintiffs fail to allege facts explaining which material facts were not disclosed, how the alleged statements in Part I, above, were false or misleading, which

10

provisions of the contract Defendant has breached, how the appraisal was inflated, or how any of these allegations apply to the mortgage contract in general. Like Plaintiffs' previous claims, Plaintiffs' breach of contract claim does not meet the pleading requirements of *Twombly* and *Iqbal*.

V.    Plaintiffs' M.C.L. § 600.3204 claim.

In Count VI, Plaintiffs' allege that Defendant violated M.C.L. § 600.3204, and M.C.L. § 600.3205a. Plaintiffs state, "Plaintiff and Defendant Lehman were in the process of discussion[sic] of modification of the subject loan when Defendant Lehman instituted foreclosure without giving required notices. (*Complaint* at 6). Again Lehman is not a party to this case and no other paragraph in Count VI alleges actions taken by Defendant Countrywide.

To the extent that Plaintiffs intended the allegations in Count VI to apply to Defendant Countrywide, Plaintiffs have again failed to allege facts sufficient to survive Defendant's Motion to Dismiss. M.C.L. § 600.3204(4)(e) provides that a party cannot commence foreclosure proceedings if the mortgagor and mortgagee have agreed in writing to modify the loan mortgage. Plaintiffs, however, allege only that the Plaintiffs and Defendant were in the process of discussing a modification of the mortgage. *Id*.

Plaintiffs also allege that Defendants foreclosure notice failed to comply with M.C.L. § 600.3205a. *Id*. Again, these statements are conclusory. Plaintiffs fail to support their conclusory statements of law with factual allegations.

VI.   Plaintiffs' Request to Quiet Title (Count V) and for Injunctive Relief (Count VII).

In Count V, Plaintiffs request that this Court quiet title in favor of Plaintiffs, pursuant to M.C.L. § 600.2932. (*Complaint* at 6). This is not a separate cause of action, but rather, a

remedy. Count V is riddled with typographical errors. Plaintiffs again refer to "Defendant Lehman," who is not a party to this case. *Id*. Plaintiffs also allege that "Defendant Federal purchased the rights of Defendant Lehman at Sheriff's sale." *Id*. "Defendant Federal" is also not a party to this case. Additionally, Defendant claims that notice of foreclosure was not provided to Plaintiffs until August 27, 2010, and the Sheriff's sale did not take place until September 24, 2010. (*See* Def.'s Mtn. at 15; Def.'s Mtn., Ex. D). Plaintiffs, however, filed their complaint on August 25, 2010, one month before the Sheriff's sale, yet somehow were able to refer to the Sheriff's sale in Count V as if it had already occurred. (*Complaint* at 6). This is clearly another error on the part of Plaintiffs' counsel, who likely failed to amend a previously-used complaint.

In Count VII, Plaintiffs' seek injunctive relief (*Complaint* at 7), which is also not a separate cause of action.

Substantively, Plaintiffs have failed to plead a viable cause of action. There is no basis for Plaintiffs' right to relief because they have not alleged any facts, that if true, could impute liability to Defendant.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss on all counts.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 22, 2011

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Karmon R. Shaya and Samira Mansor,

    Plaintiffs,

v.                                   Case No. 10-13878

                                       Honorable Sean F. Cox

Countrywide Home Loans, Inc.,

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2011, by electronic and/or ordinary mail.

                                       S/Jennifer Hernandez
                                       Case Manager